Electronically Filed
Intermediate Court of Appeals
CAAP-10-0000139
31-OCT-2013
09:08 AM

NO. CAAP-10-0000139


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee, v.
CLIFFORD NUTT, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
WAILUKU DIVISION
(CASE NO. 2P110-00143)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Leonard and Reifurth, JJ.)

Defendant-Appellant Clifford Nutt ("Nutt") appeals from twelve separate judgments, each entitled Notice of Entry of Judgment and/or Order, filed on October 13, 2010, in the District Court of the Second Circuit, Wailuku Division ("District Court").[1]

On January 22, 2010, Nutt was charged with twelve counts of violating Maui County Code ("MCC") § 6.04.040(C) (dog causing a nuisance) on January 22, 24, 25, 26, 28, 29, 30, and 31, 2009, February 2, 2009, March 23 and 24, 2009, and January 10, 2010. On October 13, 2010, the District Court found Nutt guilty of all twelve violations.

On appeal, Nutt contends that (1) the District Court lacked jurisdiction because the charges against him were deficient for failing to state the essential elements that (a) his dog engaged in "continuous and/or incessant barking, baying, crying, howling, or any other noise which disturbed a person at

---

[1] The Honorable Blaine J. Kobayashi presided.

any time of day or night for ten consecutive minutes and/or intermittently for twenty minutes," and (b) the barking did not result from either "a trespass or threatened trespass by a person or persons on private property on which the dog is situated" or "a person teasing or otherwise provoking the dog," and (2) there was insufficient evidence to find that he committed twelve violations of MCC § 6.04.040.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Nutt's points of error as follows:

(1) The charges against Nutt were not deficient for failing to state an essential element. *See State v. Mita*, 124 Hawaiʻi 385, 386, 245 P.3d 458, 459 (2010) (holding that a charge, based on a similar ordinance, that alleged "animal nuisance" generally was sufficient because "the definition of animal nuisance in [the ordinance] [did] not create an additional essential element of the offense, and . . . [was] consistent with its commonly understood meaning").

(2) There was sufficient evidence to find that Nutt violated MCC § 6.04.040 as charged. Nutt admitted owning two dogs. Nutt's neighbor testified that on each date charged, Nutt's dogs were barking continuously for several hours on Nutt's lanai and that this disturbed him. Nutt stated that when he was home he left his dogs on his lanai, and when he was away, he put them inside his house. Nutt also stated that when he let the dogs inside, the dogs stopped barking.

Evidence was submitted that Nutt's dogs barked when on the lanai, and that Nutt left them on the lanai when he was home; the dogs stopped barking when let inside his home, and that Nutt left them inside the home when he was away; and the dogs barked continuously for several hours on the dates specified in the charges and were not brought inside to stop them from barking. "Matters of credibility and the weight of the evidence and the inferences to be drawn are for the fact finder." *State v. Romano*, 114 Hawaiʻi 1, 8, 155 P.3d 1102, 1109 (2007). Thus, there was sufficient evidence to support the finding that Nutt allowed his dogs to bark excessively, and that Nutt thereby caused a nuisance in violation of MCC § 6.04.040.

Therefore, IT IS HEREBY ORDERED that the twelve separate judgments, each entitled Notice of Entry of Judgment and/or Order, filed on October 13, 2010, in the District Court of the Second Circuit, Wailuku Division, are affirmed.

DATED:  Honolulu, Hawai'i, October 31, 2013.


On the briefs:

David A. Sereno and
Matthew Nardi
(David A. Sereno ALC)
for Defendant-Appellant.

Artemio C. Baxa,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge